Everly *v.* Cole.

Judgment affirmed.

*J. M. Perry* and *C. Bates*, for appellant.

*J. M. Barnard*, for appellee.

---·●·●·●·---

EVERLY *v.* COLE, *et. al.*

Where a party plaintiff was called upon to testify in relation to a certain fact in behalf of defendant, plaintiff's attorney has no right to cross-examine him in relation to other matters.

APPEAL *from Polk District Court.*

*Opinion by* KINNEY, J. Cole Lyon & Co., sued Everly in assumpsit and declared on the common counts.

The defendant pleaded the general issue, and gave notice of set off. It appers from the bill of exceptions, that on the trial, the defendant having failed to prove certain facts— in relation to the sale of a certain promisory note, by said plaintiffs below to the defendant—called L. D. Winchester, one of the plaintiffs, who was examined as a witness in relation to the sale of said note exclusively, and not in relation to any other matter connected with the plaintiff's demand or the defendant's defence. After said examination in relation to said note, the attorney for plaintiff offered to prove by said Winchester, certain facts in relation to the claim and account of the plaintiffs. This was objected to, but the objection was overruled by the court, and the witness was permitted to testify in chief in relation to the account of the plaintiffs, the same as though he were not a party. We think the court erred in overruling the objection. Winchester was a party plaintiff; he was called by the defendant to testify in relation to a particular item or fact ; the plaintiff had the right to cross-examine upon all the facts elicited by the testimony, but as he was not called to testify indiscriminately upon the issue joioned, but only in relation to an isolated point, the plaintiff could not, when introduced for that purpose alone, become witness for himself to give testimony in support of his own claim or demand.

We have come to this conclusion by the section of the statute authorizing one party to call upon an opposite party to testify. Rev. Stat. 262, § 3, provides, that the court shall, upon the application of the party offering a demand

or set off, order the opposite party, or any person of such party, to be sworn in relation thereto. By virtue of this statute, Everly, the defendant, called Winchester, one of the plaintiffs, to testify about the sale of a note from the plaintiffs to him; alleging at the same time, that he was called for this purpose and no other. His testimony should only have been in relation thereto, and hence it was improper to permit him to give testimony upon any other matter than that for which he was called by the defendant.

The court having erred in overruling the objections of the defendant's counsel, the judgment is reversed, and the cause remanded for further proceedings.

Judgment reversed.

*C. Bates* and *J. M. Perry*, for appellant.

*Casady* and *Tidrick*, for appellees.